UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOE SALINAS ESTRADA, JR,

           Plaintiff,                     Case No. 24-cv-0657-bhl

v.

SAMUEL A CHRISTENSEN, et al

           Defendants.

## ORDER DENYING MOTION TO REOPEN

      Plaintiff Joe Salinas Estrada, Jr. is incarcerated in Texas at the Mark W. Stiles Unit and representing himself in this 42 U.S.C. § 1983 action. (ECF No. 1.) On May 28, he filed two motions for leave to proceed without prepayment of the filing fee. (ECF Nos. 4 & 5.) The next day, the clerk's office mailed him a letter advising him that he is required to submit a certified copy of his institutional trust account statement for the six-month period preceding the filing of his complaint by June 18, 2024. (ECF No. 6.) The deadline passed, so the Court extended the deadline to July 31, 2024 and warned Estrada that if he did not submit the trust account statement by the revised deadline the case would be dismissed without prejudice. (ECF No. 7.) Estrada moved for an extension of time on July 22, 2024, explaining that he was denied access to the law library at the prison to receive his trust account statement. (ECF No. 8.) The Court granted his request and extended the deadline to August 30, 2024 but explained that access to the law library should be unnecessary for him to obtain a copy of his trust account statement. (ECF No. 9.) Estrada submitted another letter on September 3, 2024, reiterating that he was being denied access to the law library and was therefore unable to submit a certified copy of his trust fund account statement to the Court. (ECF No. 11.) On September 11, 2024, the Court again extended his deadline until October 11, 2024. (ECF No. 12.) Estrada did not file the required trust account statement following the extension, and, on October 21, 2024, the Court dismissed the case without prejudice for failure to prosecute. (ECF No. 13.)

      On April 2, 2025, Estrada filed a motion to reopen the case and a renewed motion to proceed without prepayment of the filing fee. (ECF Nos. 17 & 18.) In his motion to reopen, he

insists that he was unable to acquire his trust account statement because he is being denied access to the law library. (ECF No. 17 at 1–2.) He disputes the contention that he failed to prosecute his case. (*Id.* at 2.)

The Court will treat Estrada's motion to reopen as a motion for relief from final judgment under Fed. R. Civ. P. 60(b) and will deny it. There is not a "final judgment" in this case. *See* Fed. R. Civ. P 60(b). Estrada's case was dismissed without prejudice for failure to prosecute. (ECF No. 13.) And a dismissal without prejudice on failure to prosecute grounds is not a final judgment, because the plaintiff is free to refile his case. *See Schroeder v. Malone*, 817 F. App'x 226, 227 (7th Cir. 2020). If Estrada chooses to refile a new case and seek IFP treatment, he should submit the required certified copy of his institutional trust account statement for the six-month period preceding the filing of his complaint. Accordingly,

**IT IS HEREBY ORDERED** that Estrada's motion to reopen, ECF No. 17, is **DENIED**.

**IT IS FURTHER ORDERED** that Estrada's motion for leave to proceed without prepayment of the filing fee, ECF No. 18, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge